**In the Matter of the ESTATE of Edward E. BJERKE, Deceased.**

**Arthur BJERKE, individually and as the Administrator of the Estate of Edward E. Bjerke, deceased, Mabel Berg, Oscar Bjerke, Anton Bjerke, Edgar Bjerke, Cora Schnebly, formerly Cora Bjerke, and Theodore Bjerke, Appellants,**

v.

**Bernard BJERKE, Respondent.**

**No. 8369.**

Supreme Court of North Dakota.

Feb. 13, 1967.

George E. Sorlie, Hillsboro, and Degnan, McElroy, Lamb & Camrud, Grand Forks, for appellants.

Chauncey T. Kaldor, Hillsboro, and Shaft, Benson, Shaft & McConn, Grand Forks, for respondent.

ERICKSTAD, Judge.

We construe the notice of appeal from the judgment of the District Court of Traill County dated February 7, 1966, affirming the order of the County Court of Traill County which denied a petition by the administrator of the estate of Edward E. Bjerke, deceased, to sell certain real estate, as an appeal by Arthur Bjerke, individually and as the administrator of the estate of Edward E. Bjerke, deceased, and by Mabel Berg, Oscar Bjerke, Anton Bjerke, Edgar Bjerke, Cora Schnebly, formerly Cora Bjerke, and Theodore Bjerke. Hereafter the appellants shall be referred to as the administrator. The administrator demands trial de novo.

Although the record is not before us, it appears by way of background information given us by the administrator that the decedent, Edward E. Bjerke, died on June 6, 1960; that sometime thereafter a document purporting to be the last will and testament of said deceased was admitted to probate;

and that Arthur Bjerke was appointed as administrator with the will annexed.

The pertinent parts of the will are the following paragraphs:

SECOND—I give, devise and bequeath to Edgar E. Bjerke, my son, the sum of One Hundred (100.00) Dollars in cash, and also two Government Savings Bonds of the maturity value of $25.00 each.

THIRD—I have already conveyed a half section of land to my son Bernard E. Bjerke, and no further provision is made for him under this will.

FOURTH—All the rest and residue of my property, real or personal, wherever it may be, I give, devise and bequeath to my six children in equal shares, as follows: to Oscar E. Bjerke, one-sixth, to Anton E. Bjerke, one-sixth, to Arthur M. Bjerke, one-sixth, to Theodore S. Bjerke, one-sixth, to Cora Schnebly, one-sixth, and to Mabel Berg, one-sixth.

Although the record before us is very incomplete, by way of further background information it appears that on the date that the decedent executed the will, he executed a deed conveying a half-section of farmland to his son Bernard Bjerke, but that he failed to deliver the deed to his son prior to his death, or so it was contended by the administrator.

On August 27, 1963, the administrator petitioned the County Court of Traill County for authority to sell the half-section of land. This petition was contested by Bernard Bjerke, and upon hearing had on the petition the county court by order dated September 17, 1963, dismissed the petition.

By notice of appeal dated October 2, 1963, the administrator appealed to the district court from the county court order dismissing the petition for sale of real estate. The appeal from this order was heard by the District Court of Traill County on January 21, 1966. On February 1, 1966, the district court issued its findings of fact, conclusions of law, and order for judgment affirming the order denying the petition for the sale of real estate. Judgment was entered on February 7, 1966, affirming the county court's order dismissing the petition for the sale of real estate. It is from this latter judgment that the administrator appeals to this court.

The statute which governs the sale of real estate in a decedent's estate reads as follows:

30-19-09. Order of sale—Reasons—When to be made.—If it appears to the satisfaction of the court, after a hearing upon a petition and examination of the proofs and allegations of the parties interested, that a sale of the whole or some portion of the real estate is:

1. Necessary for any of the causes mentioned in this chapter;

2. For the advantage, benefit, and best interests of the estate and those interested therein; or

3. Assented to by all the persons interested,

an order must be made to sell the whole, or so much and such parts of the real estate described in the petition as the court shall judge necessary, or for the advantage, benefit, and best interests of the estate and those interested therein.

North Dakota Century Code.

Section 30-01-02, N.D.C.C., defines "persons interested" as follows:

"Person interested," when used with reference to an estate or fund, includes every person, except a creditor, entitled, either absolutely or conditionally, to share in the same or the proceeds thereof. In a proceeding for the probate of a will, an heir at law of the deceased shall be deemed a person interested.

The administrator contends that the county court should have granted his petition for the sale of real estate because all persons interested in the estate had assented. His

position is that Bernard Bjerke acquired nothing through the decedent's will and thus was not a devisee, and that therefore his assent was not necessary. All of the other devisees and legatees had assented to the sale.

On the other hand, Mr. Bernard Bjerke contends that he was a devisee under the decedent's will, and, as he had not assented to the sale, the petition was properly denied because the administrator based his petition on the assent of all persons interested.

As interesting as these contentions are, we are unable to determine in this appeal which contention is correct. In the notice of appeal from the order of the county court, the administrator stated that he appealed on questions of both law and facts and demanded a new trial in district court.

The pertinent part of § 30–26–23, providing for trial anew, reads as follows:

If an appeal from a decree or an order of a county court is taken generally, all the issues must be tried and determined anew in the district court and the court must hear the allegations and proofs of the parties and determine all questions of law and fact arising thereon according to the mode of trying similar issues originating in that court, * * *.

When the appeal was taken by the administrator from the county court order dismissing the petition for the sale of real estate, the administrator offered no evidence, and none was received by the court. It was apparently the view of the administrator that the records of the county court were before the district court, and thus that it was unnecessary for the administrator to offer the county court records in evidence and have them received.

When counsel for the administrator was asked if he wanted to put anything in the record, he answered:

I would like to make a statement. This Court has never decided any of the orders of the Probate Court. Our contention is that this Court should review all of the orders that have been issued by the Probate Court.

In a later part of the hearing counsel for Mr. Bernard Bjerke made the following statement:

This is Mr. Sorlie's [counsel for the administrator] appeal and if he has anything he should put it in. We would have some rebuttal if he wants to put something in. As a matter of record, maybe we should have Mr. Sorlie show that he has no proof to offer at this time.

The court then asked counsel for the administrator the following question:

Do you rest so far as putting anything in—any evidence in?

Counsel for the administrator then stated:

The records are in. I am relying on the petition and the papers in the probate file and the District Court file and the action to quiet title in Steele County. I have nothing further; it's all a matter of record.

Near the beginning of the hearing counsel for the administrator informed the court that only a question of law was to be determined. Near the end of the hearing counsel for the administrator made the following statement:

In the petition to sell, it wasn't to pay debts. There were six or seven heirs and we say it belongs to them. They want to sell and distribute the cash. The question is whether or not Bernard Bjerke is an interested party to the sale and under the Will. If the Court holds he is an interested party then, of course, he has a right to object. This is trial de novo.

At this point we believe it is important to point out that trial anew pursuant to § 30–26–23 differs from trial de novo under § 28–27–32, which provides for

review on appeal to the Supreme Court of any action tried by the lower court without a jury. Under the latter section the Supreme Court determines the facts from a review of the record made in the lower court, whereas under the former section the district court renders its decision based upon evidence submitted to it, rather than on the record made in the lower court.

The district court, believing that the appeal was made pursuant to § 30–26–23, determined that it had nothing before it upon which it could act; and, knowing that a dismissal of an appeal by order of the district court is in effect an affirmance of an order appealed from, ordered that the order of the county court denying the petition for the sale of the real estate be affirmed.

 In light of the wording of the administrator's notice of appeal to the district court and of the apparent requirement of § 30–26–23 that in appeals taken generally all issues must be tried and determined anew in the district court by hearing the allegations and proofs of the parties and by determining all the questions of law and fact arising thereon according to the mode of trying similar issues originating in that court, we agree that the district court acted properly in dismissing the appeal.

If it were to be argued that the administrator appealed on a question of law only, he would be subject to the provisions of § 30–26–08, which reads as follows:

30–26–08. Appeal on question of law must state that it is on question of law—How perfected.—For the purpose of taking an appeal from a decree or order of a county court on questions of law alone, the notice must contain:

1. A statement to that effect;

2. A specification of the errors in law on which the appellant intends to rely; and

3. The time and place at which the appeal will be brought on for trial.

Every other notice of appeal is sufficient if it designates:

1. The party who appeals;

2. The order or decree from which the appeal is taken; and

3. The intermediate orders, if any, upon which the appellant desires a review.

Every appeal must be held to have been taken upon the facts and matter in law generally, unless the notice clearly indicates an intention to appeal on questions of law alone, but the appellant by his notice may restrict the appeal to any specific direction or award contained in a decree, if the issue upon which the same depends can be separately tried and determined without prejudice to any other part of the decree.

North Dakota Century Code.

It is to be noted that the statute provides that every appeal must be held to have been taken upon the facts and matter in law generally, unless the notice clearly indicates an intention to appeal on questions of law alone. In the instant case the notice of appeal from the order of the county court to the district court states that the appeal is on questions of both law and facts.

 We further believe that had the notice of appeal clearly indicated an intention to appeal on a question of law alone, the question of law here involved necessitated a determination of facts as well; and, as the transcript certified by the county court to the district court contained only the petition for the sale of the real estate and the county court's order dismissing the petition (no record having been made in county court of evidence submitted and received in connection therewith), it would have been impossible for the district court to decide the legal question involved.

Although what purports to be a copy of the will is now included among the papers forwarded to the Supreme Court for appeal purposes, no such document was included among the papers certified by the county court to the district court on appeal to the district court. As the legal question clearly involved a construction of the will, it could not have been answered without a study of the will.

The judgment of the district court is therefore affirmed.

TEIGEN, C. J., and STRUTZ and KNUDSON, JJ., concur.

PAULSON, J., not being a member of the Court at the time of submission of this case, did not participate.