Charles R. Adams, Appellee, v. Alfred Silfen, Appellant.

Gen. No. 45,318.

Opinion filed February 2, 1951. Released for publication February 16, 1951.

JOSEPH I. BULGER and ODE L. RANKIN, both of Chicago, for appellant.

CHARLES R. ADAMS, *pro se.*

MR. JUSTICE TUOHY delivered the opinion of the court.

Defendant appeals from an order of the superior court of Cook county assessing as costs against defendant certain expenses arising out of a trial and appeal of a suit for an accounting and dissolution of a partnership. We affirmed the decree of the superior court which ordered the accounting, in *Adams v. Silfen,* 337 Ill. App. 654. Subsequently there were further proceedings below, and on May 11, 1950, the order now appealed from was entered. The order provides that the following items and amounts be taxed as costs: master's fees, $1,365 (of which amount $500 has been paid by defendant and $500 by plaintiff), and defendant therefore is directed to pay plaintiff the $500 so advanced and the $365 balance due to the master; court reporter's fees and cost of records, $545; printing Appellate Court brief, $80; original court costs and service of processes, $50; and plaintiff's attorney's fees, $2,500.

On April 18, 1950, plaintiff filed a sworn petition in the court below in which he set forth that the allegations and denials made by the defendant in the

pleadings in the accounting suit were made without reasonable cause and not in good faith, and were "found to be untrue before every Judge, Court, Master-in-Chancery and Special Commissioner, that these proceedings had come before." He sets forth that the expenses above referred to were incurred as a result of the untrue pleadings. No answer was filed to this petition. The accounting suit was heard by JUDGE PADDEN, who entered the decree from which the first appeal was taken. After the cause went back to the superior court no evidence was taken on the question of these expenses, but the order granted all the relief prayed in the petition, except that the attorney's fees were reduced from $10,830 asked, to $2,500.

Plaintiff urges that the order from which the appeal is prosecuted is a judgment for costs and therefore not appealable. *Smith v. Farmers' State Bank of Alto Pass*, 392 Ill. 456. The instant case, however, does not involve a review for the purpose of determining costs, but rather a determination of whether or not the amounts allowed by way of expenses were actually taxable costs within the meaning of the Illinois authorities. Inasmuch as the statute provides for the allowance of master's fees in proper cases we are not inclined to interfere with the trial court's finding in that respect. We hold that they were properly taxed and assessed as costs against defendant. As to filing and service fees below, the judgment orders in the case carry the costs, and any additional assessment is unnecessary and improper. Finally, we have for consideration the allowance for printing of the Appellate Court brief and attorney's fees.

At common law costs were not recoverable. Therefore costs can now be imposed and recovered only where authorized by statute. Statutes which authorize the taxation of costs are penal in their nature, and unless authority to tax them is clearly granted by stat-

419

ute, their allowance cannot be sustained. *Wintersteen v. National Cooperage & Woodenware Co.,* 361 Ill. 95, 108. If these items are recoverable at all, they must be so under the provisions of section 41 of the Civil Practice Act (Ill. Rev. Stat. 1949, ch. 110, par. 165 [Jones Ill. Stats. Ann. 104.041]) providing as follows:

"Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading the same to the payment of such reasonable expenses, to be summarily taxed by the court at the trial, as may have been actually incurred by the other party, by reason of such untrue pleading."

■■■ It is to be noted that this section provides that reasonable expenses should be summarily taxed by the court at the trial. The reasonableness, or otherwise, of expenses is a matter of proof, particularly where the question of attorney's fees is involved. The party sought to be charged therewith should be afforded ample opportunity for cross-examination as to the reasonableness of the amounts claimed and to present evidence in rebuttal. No such opportunity was afforded the defendant here. It is further to be observed that the statute provides that the expenses should be summarily taxed. The use of the word "summarily" should not be confused with the term "arbitrarily." "Summarily" means that it should be done without delay and without undue formality, but it does not mean that a trial court may enter judgment without affording the defendant an opportunity to be heard. Furthermore, the statute provides that such costs should be taxed by the court at the trial. The purpose of this, obviously, is that, where it appears to the judge who has heard the cause on its merits that allegations or denials in pleadings were made without reasonable cause and not in good faith, he may without delay act upon his findings; provided,

however, that an opportunity to be heard be afforded the party sought to be charged.

Even though a disputed issue of fact raised by the pleadings is decided adversely to the contention of one of the parties, it does not necessarily follow that such contention was motivated by bad faith. When this case was before this court on the original appeal we commented upon the fact that the evidence presented conflicting issues of fact both as to the existence of the partnership and the ownership of the patents. Although these issues were resolved against the defendant, they presented no question of bad faith. Long after the trial the question was raised by sworn petition, consisting in large part of legal conclusions, to which no answer was filed, and which was passed upon *ex parte* by a judge who did not sit at the original trial. This is not the type of procedure that the statute contemplates, and the fact that no answer was filed to the sworn petition does not bring about a validation.

We are of the opinion that the trial court erred in taxing as costs all items in the petition other than those amounts found due as master's fees. The order is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

NIEMEYER, P. J., and FEINBERG, J., concur.