In the Matter of the ESTATE of Edward E. BJERKE, Deceased.

Oscar BJERKE, Anton Bjerke, Edgar Bjerke, Mable Bjerke, Arthur Bjerke, Arthur Bjerke, as Administrator of the Estate of Edward E. Bjerke, Deceased, Cora Schnebly, Theodore Bjerke, and Earl L. Bjerke, Appellants,

v.

Bernard BJERKE, Respondent.

No. 8254.

Supreme Court of North Dakota.

Sept. 23, 1965.

Sorlie & Grindeland, Hillsboro, for appellants.

Chauncey T. Kaldor, Hillsboro, and Shaft, Benson, Shaft & McConn, Grand Forks, for respondent.

STRUTZ, Judge.

The county court of Traill County, upon petition to interpret the will of Edward Bjerke, deceased, entered its order construing the terms of such will, the order being dated March 18, 1964. Feeling aggrieved by the interpretation as made by the court, the appellants appealed to the district court from such order. The respondent appeared specially, objecting to the jurisdiction of the district court and moved that the said appeal be dismissed on the ground and for the reason that no effectual appeal had been taken from the order of the county court.

The record discloses that the petition to interpret the will came on for hearing before the county court on March 3, 1964. The court's memorandum opinion was issued on March 6, and the order interpreting

the will was dated and filed March 18, 1964.

It is the contention of the appellants that, at the hearing on March 3, 1964, an oral notice of appeal was served by the giving of notice in open court that such appeal was being taken. The appellants further show that written notice of appeal was filed in the office of the county court on March 18, and contend that, at that time, service of such notice of appeal was made on the respondent by service upon his attorney. Affidavit of service, however, was not filed at that time in the office of the county court. In fact, such affidavit of service is dated July 22, 1964.

When the matter came on for hearing before the district court, the county judge was called as a witness. He testified that the petition to interpret the provisions of the will came on for hearing before the county court on March 3, 1964; that no decision was made on the matter until the court issued its memorandum opinion on March 6, and that the order interpreting the provisions of the will was entered on March 18. The court admitted that the appellants' attorney did make some statement on March 3, 1964, to the effect that they intended to appeal in the event of an adverse decision. No decision was made, however, until March 6, and no order was entered until March 18.

On this showing, the district court ordered the appeal from the county court dismissed. This appeal is taken from such order.

Section 30–26–03, North Dakota Century Code, provides for the taking of appeals from an order of the county court. It reads:

"To effect an appeal, the appellant must cause a notice of the appeal to be served on each of the other parties and must file such notice with the proofs of service, and an undertaking for appeal, in the county court, within thirty days from and after the date of the order or decree. If the party taking an appeal files such notice and announces the filing orally in open court at the time the decision is given, no other or further service of the notice is necessary."

Thus there are two ways in which an appeal may be taken by an aggrieved party from an order of the county court. First, such party may cause a notice of appeal to be served on each of the other parties, which notice of appeal, with undertaking and "with proofs of service," must be filed within thirty days from and after the date of the order appealed from.

The second method of taking an appeal is for the party taking such appeal to file a written notice of appeal and announce the filing orally in open court "at the time the decision is given." In such event, no other or further service of the notice is necessary.

We now must determine whether the appellants perfected an appeal by either of these two methods.

Appeals are purely statutory and limited to those specified in the statute. 4 C.J.S. Appeal and Error § 167, p. 539; City of Minot v. Minot Highway Center, Inc., (N.D.), 120 N.W.2d 597. This court has held that, since the right to appeal is statutory, the appellant must conform to the provisions of the statute. Aneta Mercantile Co. v. Groseth, 20 N.D. 137, 127 N.W. 718.

Our probate statutes provide for an appeal from orders of the county court affecting substantial rights. Sec. 30–26–01, N.D.C.C. The manner in which such appeals must be taken is also provided for. Sec. 30–26–03, N.D.C.C.

Did the appellants perfect an appeal from the order of the county court interpreting the provisions of the will of Edward E. Bjerke, deceased, or did they fail to conform to statutory provisions and thus fail to perfect such appeal?

■ The appellants filed a notice of appeal on March 18, 1964, which notice was filed within thirty days after the date of the order appealed from. But no proof of service of such notice of appeal was filed as required by statute. An affidavit of service dated July 22, 1964, states that such notice was served on March 18 by service on the attorney for the respondent, but no proof of service was filed within thirty days of the order as required by the statute. An appeal was not perfected by service of notice of appeal by filing such notice "with proofs of service" within thirty days from and after the order. Therefore, no appeal was perfected in that manner. See Krueger v. Hayko (N.D.), 87 N.W.2d 539; Nevland v. Njust, 78 N.D. 747, 51 N.W.2d 845; Stierlen v. Stierlen, 8 N.D. 297, 78 N.W. 990.

The appellants contend, however, that they served oral notice of appeal as required by statute. The record discloses that the appellants' counsel did announce his intention of taking an appeal if the decision of the court should be against his clients, but that was done on the date of the hearing, March 3, 1964. The decision of the court was not made until March 6, 1964, at which time the parties were not in court. The order construing the will was not entered until March 18, 1964, and the parties were not in court on that date.

■ The attempted oral appeal from the decision of the court was without effect even if the court did announce, on March 3, that its decision would be against the appellants, because the appellants did not, on that date, file a notice of appeal as required by the statute providing for oral notice of appeal. The statute provides:

" * * * If the party taking an appeal files such notice and announces the filing orally in open court at the time the decision is given, no other or further service of the notice is necessary."

The notice of appeal must be filed prior to or at the time the party announces his intention of appealing. The oral announce-

ment is merely the serving of oral notice that the party has filed or is then filing notice of appeal. The purpose of the oral announcement is to make unnecessary further service of the notice which has been filed. Since no notice of appeal was filed by the appellants until March 18, any oral announcement made by them on March 3 was without effect. Thus the appellants failed to perfect their appeal by this method.

For reasons stated herein, the order of the trial court, striking the appeal from the order of the county court interpreting the will, is hereby affirmed. Whether the county court's construction of the provisions of the will may hereafter be reviewed by an appeal from the final decree or by an appeal from the order allowing final report and account and petition for distribution, under the provisions of Section 30–26–23, is not determined on this appeal.

BURKE, C. J., and TEIGEN, KNUDSON and ERICKSTAD, JJ., concur.