In the Matter of the ESTATE of Edward E. BJERKE, deceased.

Oscar BJERKE, Anton Bjerke, Mabel Berg, Edgar Bjerke, Cora Schnebly, Theodore Bjerke, Arthur Bjerke, and Arthur Bjerke as Administrator of the estate of Edward E. Bjerke, Appellants,

v.

Bernard E. BJERKE, Respondent.

Civ. No. 8656.

Supreme Court of North Dakota.

Oct. 30, 1970.

George E. Sorlie, Hillsboro, for appellants.

Shaft, Benson, Shaft & McConn, Grand Forks, and Chauncey T. Kaldor, Hillsboro, for respondent.

ERICKSTAD, Judge.

Arthur Bjerke, as Administrator With the Will Annexed of the Estate of Edward E. Bjerke, deceased, and individually, as a son of the deceased, along with his brothers and sisters, who are also brothers and sisters of the respondent, Bernard E. Bjerke, appeals to this court from the judgment of the district court of Traill County, dated September 23, 1969. The appellants demand a trial de novo in this court. We shall hereinafter refer to the appellants as the administrator and to Bernard Bjerke as the respondent.

This is the third time that the administrator has appealed to this court in connection with the probate of the Will and the administration of the estate of Edward E. Bjerke, deceased. The first case involved an attempted appeal by the administrator from an order of the county court construing the decedent Edward E. Bjerke's Will to include a devise of half a section of land owned by the decedent at his death to the respondent. This order came about as a result of a petition initiated pursuant to our Declaratory Judgments Act, Chapter 32–23, N.D.C.C. The district court held that the attempted appeal from the county court order was ineffectual, and this court sustained the district court for the reasons stated in In Re Bjerke's Estate, 137 N.W.2d 225 (N.D.1965).

The second case arose out of a petition by the administrator to the county court asking authority to sell the half section of land in issue. When that petition was contested by Bernard Bjerke, the county court dismissed the petition. Thereafter the administrator appealed from that county court order to the district court, which, after due hearing, affirmed the county court order dismissing the petition for the sale of that land. Appeal was taken to this court by the administrator from a judgment entered upon that order, and this court, for the reasons stated in In Re Estate of Bjerke, 148 N.W.2d 575 (N.D.1967), affirmed the judgment of the district court.

In each of the cases the basic issue was whether the respondent was the devisee under the decedent's Will and entitled to the half section of land owned by the decedent at the time of his death. Generally speaking, we may say that that issue was decided on its merits in both cases by the county court but that it was not decided on its merits in either case by the district court on appeal from the county court, or by this court on appeal from the district court.

For all practical purposes, it is the main issue that we are asked to determine in this appeal from the judgment of the district court, dated September 23, 1969, for that judgment, among other things, affirms the county court's order, which is to the effect that the respondent is a devisee under the Will and is entitled to the half section of land in question.

Today, then, we decide the issue we apparently left open in our first *Bjerke* opinion when we said:

* * * Whether the county court's construction of the provisions of the will may hereafter be reviewed by an appeal from the final decree or by an appeal from the order allowing final report and account and petition for distribution, under the provisions of Section 30–26–23, is not determined on this appeal.
In Re Bjerke's Estate, 137 N.W.2d 225 (N.D.1965).

As the order appealed from in the first Bjerke matter is an order entered under the provisions of our Declaratory Judgments Act, Chapter 32–23, N.D.C.C., and thus is not merely an interlocutory order entered in the process of probating a will or administering an estate, we hold that it is res judicata of the issue decided by it.

This holding is supported by Bronson v. Johnson, 76 N.D. 122, 33 N.W.2d 819 (1948), wherein this court, applying the Declaratory Judgments Act to a county court order, said:

Since the adoption of the Declaratory Judgments Act (Chapter 32–23 N.D.R.C. 1943) the county court has also had jurisdiction, in a proceeding under that act, to render judgment construing the will of a testator whose estate is in the course of administration in the court. In re Estate of Henry J. Rusch, 62 N.D. 138, 241 N.W. 789. Provision is made for an immediate appeal in such a proceeding (Section 32–2307, N.D.R.C. 1943), and unless an appeal is perfected within the time allotted by statute the judgment entered in such proceeding becomes res adjudicata. In re Rusch's Estate, supra.

Bronson v. Johnson, 76 N.D. 122, 33 N.W.2d 819 (1948).

Because of our decision as to this issue, we find it unnecessary to discuss the issue concerning the attempted or alleged appeal from the settled statement of the case.

Without discussing in detail the administrator's appeal from that part of the district court's judgment which affirmed the county court's order requiring the administrator to return to the estate $750

paid to him above an amount slightly in excess of that authorized under Section 30–20–04, N.D.C.C., allowed by the county court for administrator's fees (where proof of extraordinary services justifying extra allowances has not been shown), we also affirm that part of the district court judgment. We do so after having reviewed the transcript of the proceedings before the district court and after finding no evidence of extraordinary services such as would justify extra allowances to the administrator.

Accordingly, the judgment of the district court is affirmed in all respects and the case is remanded for disposition pursuant to that judgment.

TEIGEN, C. J., and PAULSON, STRUTZ and KNUDSON, JJ., concur.