**In the Matter of the ESTATE of Halley D. NELSON.**

**Esther BOONE and Ruth Bergquist, Plaintiffs/Appellants,**

**v.**

**The ESTATE of Halley D. NELSON, Defendant/Appellee.**

**Civ. No. 9397-A.**

Supreme Court of North Dakota.

June 18, 1979.

As Amended on Denial of Rehearing July 12, 1979.

As Amended on Denial of Rehearing Aug. 2, 1979.

Chapman & Chapman, Bismarck, for plaintiffs and appellants; argued by Daniel J. Chapman, Bismarck.

Zuger & Bucklin, Bismarck, for defendant and appellee; argued by Robert V. Bolinske, Bismarck.

PAULSON, Justice.

Esther Boone ["Esther"] and Ruth Bergquist ["Ruth"] appeal from the judgment of the Burleigh County District Court awarding attorney fees and costs to the Estate of Halley D. Nelson ["Estate"] and from the order denying the motion for reduction of costs and attorney fees. We reverse the judgment and affirm the order.

This is the second time that the same parties have been before this court. The previous case, which involved a will contest in which the summary judgment for the Estate was affirmed, is reported at 264 N.W.2d 881 (N.D.1978).

After the mandate of this court had been issued to the district court,[1] the order for judgment on the mandate dated June 17, 1978, ordered "taxation of costs on appeal". On July 11, 1978, the Estate made a motion before the district court for attorney fees in the sum of $14,220.00, pursuant to § 28–26–01 of the North Dakota Century Code, on the ground that Esther's and Ruth's pleadings were frivolous and a sham. A return resisting this motion was served and filed on various grounds, and particularly on the basis that § 28–26–01, N.D.C.C., was amended by the 1977 Legislative Assembly to allow recovery of attorney fees, but that such amendment did not become effective until July 1, 1977. The Estate then filed an amended motion which referred to §§ 28–26–31 and 28–26–01, N.D.C.C. A return resisting the amended motion was filed in which Esther and Ruth stated that § 28–26–01, N.D.C.C., as amended, is not applicable because the proceedings were initiated before the 1977 amendment of § 28–26–01, N.D.C.C., became effective as of July 1, 1977; that pleadings in the will contest case were not frivolous; thus, § 28–26–01, as amended does not apply; that § 28–26–31, N.D.C.C., provides for reasonable expenses, including attorney fees "to be summarily taxed by the court at the trial" in certain cases and that the Estate cannot recover because of its failure to comply with the requirements of the statute; that no expenses or attorney fees were included in the summary judgment; that the Estate has failed to appeal from the summary judgment; therefore, the request for attorney fees under § 28–26–31, N.D.C.C., is res judicata; that Esther and Ruth proceeded in good faith and that the claim for attorney

1. The opinion of the Supreme Court was issued on March 17, 1978, and the mandate of this court was forwarded to the district court on April 3, 1978.

fees is unreasonable and inequitable. Subsequent to the hearing on the motion, the trial court issued two memorandum decisions. The first Memorandum Decision was dated September 19, 1978, and determined that the allegations contained in the objections to the probate were without reasonable cause; that the allegations were made in bad faith; and that the allegations were untrue; that the Estate was entitled to the protection of § 28–26–31, N.D.C.C.; and that a hearing on the reasonableness of the fees was scheduled for September 28, 1978. A Supplementary Memorandum Decision on the amended motion for attorney fees was issued by the court on September 28, 1978. Findings of fact, conclusions of law, and order for judgment were issued on October 6, 1978; and the judgment was issued on October 10, 1978. The judgment awarded attorney fees in the sum of $14,235.00 and taxed costs in the amount of $2,316.00 for depositions taken during the litigation at the county court level.

Esther and Ruth also made a motion before the district court for allowance of attorney fees and costs in defense of the Estate's frivolous pleading in the district court. A hearing on both motions, which were resisted by the Estate, was held by the district court on November 30, 1978. On December 4, 1978, the district court issued its order reducing the costs for preparation of the brief and appendix by the Estate from $76.28 to $75.00, and denying the allowance of any attorney fees for Esther and Ruth. This appeal followed.

The following issues are presented on appeal:

1. Did the district court err in invoking the sanctions of § 28–26–31, N.D.C.C., in requiring the appellants, Esther and Ruth, to pay reasonable expenses including attorney fees?
2. Is the doctrine of res judicata applicable in this case?
3. Did the district court err in not awarding costs including attorney fees to the appellants, Esther and Ruth, pursuant to § 28–26–01(2), N.D.C.C.?

Esther and Ruth, as to the first issue, assert that the district court penalized them by assessing attorney fees and costs against them pursuant to § 28–26–31, N.D.C.C.; that the district judge erred in taxing the costs on appeal when such costs should have been taxed by the clerk of the district court; that § 28–26–31, N.D.C.C., provides that reasonable costs including attorney fees are "to be summarily taxed by the court at the trial" if the pleadings are untrue, made without reasonable cause, and not in good faith; and that the Estate, approximately eighteen months after the entry of judgment, taxed costs, that is, the amount expended for depositions at the county court level.

Section 28–26–31, N.D.C.C., provides:

> "*Pleadings not made in good faith.*—Allegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial."

Because there are no relevant decisions in this State interpreting § 28–26–31, N.D.C.C.,[2] we will consider cases in other jurisdictions which have statutes similar or comparable to § 28–26–31, N.D.C.C.

Esther and Ruth, in support of their contentions, cite a statute contained in the Illinois Civil Practice Act, *e. g.*, Ill.Rev.Stat. 1967, Ch. 110, § 41, which has the same provisions as § 28–26–31, N.D.C.C., and certain decisions of the Appellate Court of Illinois. In *People ex rel. Henderson v. Redfern*, 104 Ill.App.2d 132, 243 N.E.2d 252, 254 (1968), the Illinois Court stated:

> ". . . The assessing of attorneys' fees against the losing party rests wholly

2. *Mills v. Shoppers Charge Plan, Inc.*, 231 N.W.2d 165 (N.D.1975), is distinguishable on its facts.

upon statutory or contractual authority. *Ritter v. Ritter,* 381 Ill. 549, 46 N.E.2d 41; Vol. 15, I.L.P., Damages § 62. There is no common law or equitable principle allowing attorneys' fees either as costs or damages. We are concerned here, therefore, only with the provisions of the two statutes relied upon by plaintiffs in their petition for fees. Section 41 of the Civil Practice Act (Ill.Rev.Stat.1967, ch. 110, § 41) provides as follows:

"'Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial.'

"The remedy in this provision is clearly limited to matters before the trial court, primarily in connection with pleadings, and requires that it be sought 'at the trial'. It is apparent that plaintiffs' petition for costs and attorneys' fees at this stage of proceedings does not satisfy the requirements of Section 41 with respect to the timing or the substance of a petition thereunder."

Again, in *Adams v. Silfen,* 342 Ill.App. 415, 96 N.E.2d 628, 629 (1951), the Appellate Court of Illinois stated:

"The instant case, however, does not involve a review for the purpose of determining costs, but rather a determination of whether or not the amounts allowed by way of expenses were actually taxable costs within the meaning of the Illinois authorities."

The Illinois Court further stated in *Adams, supra* 96 N.E.2d at 629–630:

"Statutes which authorize the taxation of costs are penal in their nature, and unless authority to tax them is clearly granted by statute, their allowance cannot be sustained. [Citation omitted.] If these items are recoverable at all, they must be so under the provisions of section 41 of the Civil Practice Act (Ill.Rev.Stat. Chap. 110, par. 165) providing as follows: 'Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading the same to the payment of such reasonable expenses, to be summarily taxed by the court at the trial, as may have been actually incurred by the other party, by reason of such untrue pleading.'

. . . . .

". . . The use of the word 'summarily' should not be confused with the term 'arbitrarily.' 'Summarily' means that it should be done without delay and without undue formality, but it does not mean that a trial court may enter judgment without affording the defendant an opportunity to be heard. Furthermore, the statute provides that such costs should be taxed by the court at the trial. The purpose of this, obviously is that, where it appears to the judge who has heard the cause on its merits that allegations or denials in pleadings were made without reasonable cause and not in good faith, he may without delay act upon his findings; provided, however, that an opportunity to be heard be afforded the party sought to be charged."

The Estate, in the instant case, vigorously resists the assertions of Esther and Ruth, and buttresses its position by relying upon the following reasons. The Estate first contends that § 28–26–31, N.D.C.C., neither provides any guidelines nor is there any applicable decisional authority interpreting § 28–26–31; that this statute does not contain any provision concerning the time period within which to apply for attorney fees and costs; and the Estate further asserts that if there is no trial, as in the instant action wherein summary judgment was granted, it is therefore in the interest of conserving the time of the litigants, the attorneys, and particularly the judiciary, to eliminate separate hearings on attorney fees and costs, under § 28–26–31, N.D.C.C.

The Estate further urges that § 28–26–31, N.D.C.C., does not, by its terms, limit the recovery of the attorney fees to those expended at trial, and, thus, attorney fees

incurred on a subsequent appeal are also recoverable, pursuant to § 28–26–31, N.D. C.C. The Estate cites *Schroeder v. Busenhart,* 133 Ill.App.2d 180, 272 N.E.2d 750 (1971), *cert. den.* 405 U.S. 1017, 92 S.Ct. 1293, 31 L.Ed.2d 479 (1972), but *Schroeder* is distinguishable on its facts, because in *Schroeder* the application for fees was made before the trial court and the appeal was based upon the award of attorney fees and costs. The Estate, in the instant case, also contends that § 28–26–31, N.D.C.C., in failing to set guidelines and because of the limited number of decisions setting forth guidelines, places the Estate in an uncharted position, particularly where summary judgment is involved (as determined in *Boone, supra* 264 N.W.2d 881) and that the probability of the Supreme Court's overruling the summary judgment in the initial *Boone* case, *supra,* justified the Estate in awaiting the decision of this court before proceeding pursuant to § 28–26–31, N.D. C.C.

Fortunately, the decisions of the Appellate Court of Illinois are of assistance in determining whether or not the Estate is entitled, under § 28–26–31, N.D.C.C., to attorney fees and costs.

Esther and Ruth urge that the time limit on requesting attorney fees and costs is and must be the date of the final judgment. The Estate counters with its assertion that because there was a summary judgment, the summary judgment would not have the same finality as a judgment on the merits; therefore, the Estate proceeded on a timely basis to secure attorney fees and costs. However, the Appellate Court of Illinois, in *Ready v. Ready,* 33 Ill.App.2d 145, 178 N.E.2d 650, 656 (1961), stated:

> "The statute [§ 41 of Illinois Civil Practice Act, which is similar to North Dakota's § 28–26–31, N.D.C.C.] is in derogation of the common law, but at the same time it is a remedial statute. [Citations omitted.]
>
> " 'In the absence of a valid and applicable statute, agreement, or stipulation expressly authorizing the allowance or taxation of attorney's fees as costs, they are not allowable or taxable as costs * *.' The court may properly allow costs '* * * where a suit charging fraud and misconduct is vexatious and oppressive and without any basis * * *.' 20 C.J.S. Costs § 218 a. Under an applicable statute so providing, attorneys' fees may be taxed as costs where the defendant has acted in bad faith, or has been stubbornly litigious, or has caused plaintiff unnecessary expense. 20 C.J.S. Costs § 218 a. § 218 c, states:
>
> " 'Under a few state statutes, there exists a right to an attorney's fee where there is a trial, or a trial before a jury; and under the federal statute, 28 U.S.C.A. § 572, a docket fee is taxable and allowable to attorneys on a final trial before a jury or on a final hearing in equity or admiralty * *. There is considerable difference of opinion as to what constitutes a final hearing within the latter statute, some decisions holding that any order or determination resulting in a final disposition of the cause is a final hearing, and others holding that there is a final hearing only when some question of law or of fact has been submitted to the court requiring not formal action merely but consideration, that is, the submission of it to the court in such shape as the parties choose to give it, with a view to a determination whether plaintiff or libelant has made out the case stated by him in his bill or libel, on the ground for the permanent relief which his pleading seeks, and on such proof as the parties place before the court.' "

The Appellate Court of Illinois further stated, in *Ready, supra* 178 N.E.2d at 657, in defining the word "trial":

> "The word 'trial' is used in many different senses. As used in the statute we think it means a judicial examination of issues between the parties, whether they be issues of law or of fact. [Citation omitted.] The allowance of counsel fees by the court under the statute and the facts before us was discretionary."

After a perusal of the initial *Boone* case, *supra* 264 N.W.2d 881, as well as consideration of the case of *Ready, supra,* we adhere to the rationale of *Ready* and determine that in the instant case there was a trial. We also adopt the rationale of *Adams, supra,* and determine that the Estate did not proceed to have the attorney fees and costs summarily taxed by the trial court at the trial. Esther and Ruth have also challenged the judgment awarding the costs which were taxed in the district court approximately eighteen months after they were incurred and after the mandate from this court was transmitted to the district court. *Boone v. Estate of Nelson,* 264 N.W.2d 881 (N.D.1978). We determine that the Estate should have taxed those costs at the conclusion of the trial in the district court, as a trial de novo occurred there. The judgment of the county court is of no significance at this time as the trial in the district court was a trial de novo, pursuant to § 30-26-23, N.D.C.C. We conclude that the Estate is not entitled to recover those costs.

We further consider whether or not Esther's and Ruth's objections to the admission of the will were made without reasonable cause, were not made in good faith, and were found to be untrue within the purview of § 28-26-31, N.D.C.C., to enable the Estate to recover costs and attorney fees.

Esther and Ruth further assert that there is insufficient evidence in the record to sustain a conclusion that the pleadings were not made in good faith. Esther and Ruth assert that the only pleading which was prepared by their attorney was the notice of appeal from the Burleigh County Court of Increased Jurisdiction. They further assert that there is no statutory authority entitling the district court to peruse the objections to the probate of the will for the sole purpose of determining whether or not the pleading (the notice of appeal) was filed in good faith. The preparation and filing of the notice of appeal in the district court would of course provide the district court with the objections which would be contained in the certification on appeal by the Burleigh County probate court to the district court. Esther and Ruth further contend that their objections, particularly with reference to undue influence being exerted upon the testator and his lack of testamentary capacity were based upon reasonable cause, were not untrue, and were not made in bad faith, which is evidenced by the fact that there is no finding of fact that the objections were not true, but that such objections could not be proved; thus, a summary judgment was granted. The granting of a summary judgment in *Boone, supra* 264 N.W.2d 881, does not form the basis for the awarding of costs and attorney fees pursuant to § 28-26-31, N.D.C.C. Esther and Ruth rely on *Mills v. Shoppers Charge Plan, Inc.,* 231 N.W.2d 165 (N.D.1975). *Mills* is distinguishable on its facts.

Esther and Ruth also question the reasonableness of the attorney fees and urge that attorney fees are not allowable under § 28-26-31, N.D.C.C. They further urge that over one-fourth of the attorney fees allowed by the district court were attorney fees allocated to litigation in the Burleigh County probate court and that attorney fees, even if reasonable, would necessarily be determined by the county court, and because no motion was made for attorney fees and costs before the county court, the Estate is not entitled to recover. *See* § 27-08-24, N.D.C.C.

Even though Esther and Ruth were unsuccessful in the Burleigh County Court of Increased Jurisdiction, in the Burleigh County District Court, and in the Supreme Court, adverse decisions do not, per se, entitle the Estate to recover costs and attorney fees pursuant to § 28-26-31, N.D.C.C. Furthermore, the fact that the district court granted summary judgment in *Boone, supra* 264 N.W.2d 881, which was affirmed by this court, does not augment the Estate's position with reference to § 28-26-31, N.D.C.C. The granting and the affirmance of summary judgment should not in itself be considered as an indication that the actions of Esther and Ruth justify the award of substantial attorney fees and costs. The right of litigants to have their day in court and the right to appeal if the litigants are dissatisfied with adverse results are prerogatives inherent in our judicial system. Even though this court affirmed the sum-

mary judgment because of deficiencies in the proof offered by Esther and Ruth, such action by our court is not indicative of a lack of reasonable cause, falsification, or bad faith on their part. We conclude that the Estate is not entitled to attorney fees and costs.

The next issue raised on appeal is whether or not the doctrine of res judicata applies to include an award for costs including attorney fees. Esther and Ruth assert that the litigation in the instant action terminated when this court affirmed the summary judgment of the district court in *Boone, supra* 264 N.W.2d 881 and the mandate was forwarded to the district court on April 3, 1978. They cite *People v. Gurrie*, 52 Ill.App.2d 360, 202 N.E.2d 123, 125 (1964), in which the Illinois Court stated:

> "We are not persuaded by defendant's argument that judgments rendered on a motion for summary judgment are different from other judgments. The test to be followed in deciding whether the judgment in this case was final is whether the summary judgment terminated the litigation between the parties on the merits of the cause. [Citation omitted.]
>
> "In our opinion the parties themselves considered, as did the trial judge who heard both petitions, that on September 11, 1963, when the judgment was entered, the matter in controversy was terminated on the merits. We conclude that a final judgment was entered.
>
> "Par. 82 of Chapter 77 of Ill.Rev.Stats. (1963) provides:
>
> "'When judgments conclusive. § 1. Hereafter every judgment, decree or order, final in its nature, of any court of record in any civil or criminal proceeding shall have the same force and effect as a conclusive adjudication upon the expiration of thirty days from the date of its rendition as, under the law heretofore in force, it has had upon the expiration of the term of court at which it was rendered.'"[3]

While it is true that the Appellate Court of Illinois has determined that a summary judgment has the same finality as a judgment granted subsequent to litigation, the contention that the summary judgment is res judicata in the instant case is unpersuasive. In *Dolajak v. State Auto. & Cas. Underwriters*, 252 N.W.2d 180 (N.D.1977), in Syllabus ¶ 2, we held:

> "2. In order for an issue to be considered res judicata, it is not enough to have been involved in an earlier action, but must have been actually litigated and decided in that action."

We adhere to the holding in *Dolajak* concerning the doctrine of res judicata, and conclude that res judicata is not applicable to the instant case.

The final issue which confronts this court is whether or not Esther and Ruth are entitled to costs including attorney fees providing the pleading is frivolous. Section 28–26–01(2), N.D.C.C., as amended in 1977, provides:

> "*Attorney's fees by agreement—Exceptions—Awarding of costs and attorney's fees to prevailing party.—*
>
> . . . . .
>
> 2. In civil actions the court may, in its discretion, upon a finding that the pleading was frivolous, award reasonable actual or statutory costs, or both, including reasonable attorney's fees to the prevailing party."

Esther and Ruth further assert that, pursuant to § 28–26–31, N.D.C.C., the Estate's motion for attorney fees should be determined to be frivolous on the grounds that, at the time of making the motion, the summary judgment was final and that it was res judicata. Esther and Ruth do not cite any decisional authority in support of their contention. We have in this opinion already considered the finality of the summary judgment and the doctrine of res judicata and it is therefore unnecessary to restate the applicable principles.

Furthermore, § 28–26–01, N.D.C.C., as amended in 1977, does not contain a provi-

3. *See* §§ 28–20–11 and 28 20–12, N.D.C.C.

sion which would make it retroactive. Section 28–26–01(2), N.D.C.C., as amended in 1977, did not become effective until July 1, 1977. The summary judgment in this case was granted by the district court on June 3, 1977, and the summary judgment was affirmed by this court in March of 1978. Esther's and Ruth's motion for allowance of attorney fees and costs in defense of frivolous pleading was made on November 20, 1978, and the order which denied the motion was dated on December 4, 1978.

Section 1–02–10, N.D.C.C., provides:

> "*Code not retroactive unless so declared.*—No part of this code is retroactive unless it is expressly declared to be so."

We held in *Reiling v. Bhattacharyya*, 276 N.W.2d 237, 240–241 (N.D.1979), that:

> ". . . § 1–02–10, N.D.C.C., applies to all statutes enacted by the legislature regardless of whether they are substantive or procedural. All statutes enacted by the legislature are to be applied prospectively, *i. e.*, they are to be applied only to causes of action that arise after the effective date of the statute, unless the legislature clearly expresses that they are to be applied retroactively."

We adhere to the holding in *Reiling, supra.*

After a perusal of the record, we conclude that the district court did not err in denying Esther's and Ruth's motion.

We reverse the judgment and affirm the order denying the allowance of Esther's and Ruth's costs including attorney fees.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.