[File No. 7097]

ALICE L. BRONSON and Calma H. Quam, Appellants, v. CLEMENTINE JOHNSON et al., Clementine Johnson, Clement Johnson, Eugenia Johnson and Eunice Johnson, Respondents.

(33 NW2d 819)

Opinion filed September 10, 1948.

*Philip R. Bangs,* for appellants.
*Fred E. Harris* and *Carlton G. Nelson,* for respondents.

BURKE, J.   Plaintiffs brought this action in the District Court of Grand Forks County for the purpose of obtaining, by a declaratory judgment, a construction of the will of H. A. Bronson, deceased.   Plaintiffs are the executrixes of the will.   In their complaint they alleged that the will had been admitted to probate in the County Court of Grand Forks County, that it is ambiguous in certain specified provisions and that an actual present con-

troversy exists as to the rights, duties, powers and obligations of the executrixes under the will and as to the rights and interests of the respective devises and legatees. The defendants demurred to the complaint upon the ground that the district court had no jurisdiction of the subject matter. The trial court sustained the demurrer and the plaintiffs have appealed.

Defendants challenge to the district court's jurisdiction is founded upon Section 111 of the Constitution of North Dakota which vests exclusive original jurisdiction in probate and testamentary matters in the county courts. This section is in part as follows:

"The county court shall have exclusive original jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of accounts of executors, administrators and guardians, the sale of lands by executors, administrators and guardians, and such other probate jurisdiction as may be conferred by law; . . ."

The question for decision is thus the narrow one of whether the construction of a will while the estate of testator is in process of administration is exclusively a probate or testamentary matter. If it is, the order of the district court sustaining the demurrer to the complaint must be affirmed.

While there is considerable diversity of opinion among the courts of the United States as to the power of probate courts to construe wills, it is settled in this state that the power exists during the time an estate is in process of administration. Lowery v. Hawker, 22 ND 318, 133 NW 918, 37 LRA NS 1143; Northwestern Trust Co. v. Getz, 67 ND 15, 269 NW 53. Since the adoption of the declaratory judgments act (Chapter 32–23 NDRC 1943) the county court has also had jurisdiction, in a proceeding under that act, to render judgment construing the will of a testator whose estate is in the course of administration in the court. In re Estate of Henry J. Rusch, 62 ND 138, 241 NW 789. Provision is made for an immediate appeal in such a proceeding, (Section 32–2307 NDRC 1943) and unless an appeal is perfected within the time allotted by statute the judgment en-

tered in such proceeding becomes res adjudicata. In Re Rusch, supra.

Thus the issue in the case is limited to the question of whether the district court, as a court of equity, has jurisdiction concurrent with that of the county court in such matters. In the instant action plaintiffs sought only a construction of the will. They asked no relief which the county court could not give as adequately and as finally as a court of equity. If the matters presented to the court by this action were exclusively testamentary matters, the district court did not have concurrent jurisdiction for as to those matters the original jurisdiction of the county court is exclusive. In the construction of a statute or a constitutional provision words are to be given their "plain, ordinary and commonly understood meaning." 59 CJ (Statutes) 975. 16 CJS (Constitutional Law) 51. Testamentary is defined by Webster's New International Dictionary, 2nd ed. as "Of or pertaining to a will, or testament, or the administration of a will." In view of this definition, it seems almost too elementary to require statement, that matters pertaining to wills, and questions arising in the administration of wills, including a construction thereof are testamentary matters. And that where the only relief sought in an action is a construction of a will in aid of administration, it is exclusively a testamentary matter. The district court therefore did not have jurisdiction of the subject matter of this action. This conclusion is in accord with that of most other jurisdictions where the same constitutional or statutory provisions exist. Pomeroy's Equity Jurisprudence (Section 1155, 4th ed.) states "In the great majority of states, as has been shown, this original jurisdiction of equity over administrations has either been completely abrogated, or has been so curtailed and restricted that it exists merely as auxiliary to and corrective of the principal jurisdiction held by probate tribunals." In Borchard, Declaratory Judgments (2nd ed. p. 699) it is stated, "In the United States, the probate court has been made by statute the court of construction, . . ." See also, Appleby v. Watkins, 95 Minn 455, 104 NW 301, 5 Ann Cas 471; Raseman v. Raseman, 234 Mich 237, 208 NW 35; Reischick v.

Rieger, 68 Neb 348, 94 NW 156; Howard v. Bennett, 127 P2d 1012, 53 Cal App2d 546; Pennington v. Green, 152 Kan 739, 107 P2d 766.

The order of the district court sustaining the demurrer to plaintiff's complaint is affirmed.

NUESSLE, J., and GRONNA, and GRIMSON, Dist. JJ., CHRISTIANSON, C. J., concur.

BURR and MORRIS, JJ. did not participate.