Olaf BERG, Hilborg Berg, L. S. Youngblood, N. R. Royall, Jr., as Trustee, Joe M. Burnham, Winnifred Crow Browning, Harry O. Berg, R. L. Foree, and Fred Tucker, Jr., Plaintiffs and Respondents,

v.

C. TORGERSON, Defendant and Appellant,

and

Morris Larson, as Sheriff of Wells County, Defendant.

No. 7790.

Supreme Court of North Dakota.

Dec. 30, 1959.

McGee & Van Sickle, Minot, Duffy & Haugland, Devils Lake, for appellant, and defendant.

Milton K. Higgins and Charles L. Murphy, Bismarck, for respondent.

BURKE, Judge. On reassignment.

In this action plaintiff sought a judgment decreeing that a money judgment entered against him on December 27, 1937, was no longer a lien upon certain tracts of land owned by him in Wells County. A summary judgment granting the relief prayed for by the plaintiff was granted. The defendant has appealed from the judgment. Two questions of law are presented on this appeal. The first is whether the lien of a judgment renewed by the filing of an affidavit under the provisions of Secs. 28–2021, 28–2022 and 28–2023 NDRC 1943, expires ten years after the docketing of the affidavit of renewal or ten years after the expiration of the primary ten year limitation. The second question is whether the issuance of an execution upon a judgment, while the lien thereof is still extant, will operate to continue the lien in effect until the execution is returned, where the lien would otherwise expire by limitation in the interim.

The judgment in question was entered in Ward County on December 27, 1937. It was transcribed to the Wells County District Court January 4, 1938. Subsequently this judgment was assigned to the defendant. On October 8, 1947, the defendant filed an affidavit of renewal, which conformed to the statutory requirements, in the District Court of Ward County. This affidavit was docketed October 8, 1947, and a certified copy thereof was issued by the Clerk of the District Court of Ward County to the District Court of Wells County on the same day. On September 26, 1957, a writ of execution upon the judgment was issued out of the Ward County District Court and directed to the Sheriff of Wells County. On the same day notice of levy was filed by the Wells County Sheriff upon the tracts of land described in the complaint. Notice of sale under execution and levy was published in Wells

County on October 3, 10 and 17, 1957. The advertised date of sale was October 31, 1957. This action was commenced October 29, 1957, and a temporary order restraining the sale was issued and served upon the sheriff. The defendant appeared at the time and place of the sale and tendered a bid for the purchase of the land. The sheriff refused to accept the bid but filed it.

■ Specifically the first question is: Did the lien of the judgment expire on October 8, 1957, ten years after the affidavit of renewal was docketed or did it expire on December 27, 1957, ten years after the expiration of the primary limitation of ten years?

Under the provisions of Section 28–2013 NDRC 1943, the term of the primary lien of a judgment is ten years from the date of docketing. Section 28–2021 NDRC 1943, provides that a judgment may be renewed by filing a renewal affidavit at any time within ninety days preceding the expiration of ten years from the first docketing of the judgment. Section 28–2023 NDRC 1943, provides that the filing of the prescribed renewal affidavit shall operate to continue the lien of the judgment "for a period of ten years from the time of the docketing of such affidavit."

The trial court considered that the language of Section 28–2023, supra, was clear and unambiguous and therefore held that the lien of the judgment in this case terminated ten years from the time of the docketing of the renewal affidavit or on October 8, 1957.

Appellant argues that such a construction could not have been intended by the legislature because it would result in an inequality in the duration of the lien of judgments depending on whether the renewal affidavit was filed 90 days, 30 days or 1 day before the expiration of the first 10 year limitation.

He contends that the renewal affidavit should be held to continue the lien of the judgment for ten years beyond the expiration of the first ten year limitation. In support of his argument he cites Chapter 206, Laws of N.D.1955, which provides:

"After ten years after the entry of a judgment that has not been renewed, or after twenty years after the entry of a judgment that has been renewed, the judgment shall be canceled of record."

■ We agree with the decision of the trial court. In the construction of a statute words are to be given their plain, ordinary and commonly understood meaning. Bronson v. Johnson, 76 N.D. 122, 33 N.W. 2d 819; Ferch v. Housing Authority of Cass County, 79 N.D. 764, 59 N.W.2d 849; Salzseider v. Brunsdale, N.D., 94 N.W.2d 502. In the statute under consideration the words "for a period of ten years from the time of the docketing of such affidavit" are so clear that an attempt to give them a meaning, other than the obvious one, would clearly be a distortion of the language used. Chapter 206, Laws of N.D.1955, cited by defendant is not in conflict. It deals primarily with canceling the judgments of record and is only indirectly related to the continuation of the liens of judgments.

■ Did the execution issued upon the judgment and the levy made thereunder on September 26, 1957, twelve days before the lien of the judgment would ordinarily expire, operate to keep the lien in force on October 31, 1957, the date advertised for the sale, which was twenty-three days after the lien would have terminated?

The basic legal principle involved in this issue has been settled in this state. The identical question was raised in Depositor's Holding Company v. Winschel, 60 N.D. 71, 232 N.W. 599. There this court held that the issuance of an execution and a levy thereunder, during the statutory period of ten years, did not operate to continue the lien of the judgment beyond the statutory period and that where a judgment creditor seeks to satisfy an execution issued thereon

by levy and sale of property the sale must be completed within the period of statutory limitation. See also Merchants' National Bank v. Braithwaite, 7 N.D. 358, 75 N.W. 244. It follows that the lien of the judgment in this case had expired prior to the date advertised for the sale of the land levied upon and that any proceedings to enforce the lien after it expired were a nullity. The judgment of the district court is affirmed

SATHRE, C. J., and MORRIS, J., concur.