Don L. CHRISTENSEN, Plaintiff and Appellant,

v.

MIDSTATE AERIAL APPLICATORS CORP., and Agsco Chemicals, Inc., domestic corporations, Defendants and Respondents.

Civ. No. 8444.

Supreme Court of North Dakota.

March 26, 1969.

Rehearing Denied April 10, 1969.

Vogel, Bair & Graff, Mandan, for plaintiff and appellant.

Pearce, Engebretson, Anderson & Schmidt, Bismarck, for defendant and respondent Agsco Chemicals, Inc.

Donald H. Crothers, Fargo, for defendant and respondent Midstate Aerial Applicators Corp.

TEIGEN, Chief Justice.

The plaintiff has appealed from a summary judgment of dismissal of his complaint.

The motion for summary judgment alleges the complaint does not state a claim. The motion is premised on the ground that certain statutory conditions precedent to the institution of the action have not been complied with.

The plaintiff, by his complaint, claims damages for injury to and loss of his crops resulting from the use of a chemical spray labeled MX, manufactured and sold by Agsco Chemicals, Inc., to Midstate Aerial Applicators Corp., who aerially applied the chemical to the plaintiff's crops under an employment contract with the plaintiff for the purpose of killing broad leaf weeds.

The statutory conditions precedent, which it is alleged were not complied with, are set forth in Sections 28–01–40 and 28–01–41, N.D.C.C. These sections provide as follows:

"No civil action shall be commenced arising out of the use or application of

any herbicide, insecticide, fungicide or agricultural chemical by aircraft, unless the *claimant has filed a verified report of the loss* with the state of North Dakota aeronautics commission, together *with proof of service* of such verified report of loss *upon the operator or applicator allegedly responsible and the person for whom such work was done* within a period of sixty days from the occurrence of such loss or within sixty days from the date the claimant knew such loss had occurred, provided, however, if the damage is alleged to have been occasioned to growing crops, the report shall be filed prior to the time when fifty per cent of the crop was harvested." [Emphasis added.]

Section 28–01–40 N.D.C.C.

"The *verified report* of the loss as set forth in section 28–01–40 *shall include, so far as known to the claimant* the following: name and address of claimant, type, kind, and location of property allegedly injured or damaged, date the alleged injury or damage occurred, *name of operator or applicator allegedly responsible* for such loss or damage, *and the name of the owner or occupant of the property for whom such operator or applicator was rendering labor or services.*" [Emphasis added.]

Section 28–01–41, N.D.C.C.

The proofs submitted in support of and in resistance to the motion for summary judgment establish that the plaintiff has not served upon the defendant Agsco or filed with the North Dakota Aeronautics Commission the verified report of loss described in the above statute. For this reason the trial court granted the summary judgment of dismissal. The defendant Midstate also moved for summary judgment of dismissal, which motion was denied. No appeal has been taken from this order as it was not considered appealable.

The parties and the court in the summary judgment proceedings considered the statutes quoted above as applicable to this case. We do not agree.

The plaintiff in this case is the person for whom the work was done. The first section quoted above does not impose conditions precedent upon the person for whom the work was done. It imposes conditions precedent upon a "claimant" who is one other than the person for whom the work was done. The plaintiff in this case does not fit that category. The intent of the statute is made clear by the statutory language employed. The verified report of loss must be served by the claimant upon "the operator or applicator allegedly responsible *and* the person for whom such work was done. * * *" [Emphasis added.] The second section quoted above helps to define the "claimant." It requires that the verified report shall include "so far as known to the claimant" the name and address of the operator or applicator allegedly responsible *and* the name of the "owner or occupant of the property for whom such operator or applicator was rendering labor or services." The statutes envision a "claimant" as one other than the "person for whom such work was done" or other than the "owner or occupant of the property for whom such operator or applicator was rendering labor or services."

The legislative direction is clear and unambiguous. It was the obvious intent of the legislature to provide conditions precedent before an action may be commenced by a "claimant" against the operator or applicator *and* the owner or occupant for whom the work was done by the operator or applicator for damages caused by his negligence in the application of chemicals by aircraft, or against either of them.

Chemicals applied by aircraft are discharged or released from the aircraft in the form of dust or a liquid spray while the aircraft is in flight. Wind and other atmospheric conditions affect the direction of its fall to the earth below. The aircraft travels at a high speed and the dust or

spray cutoff controls are manually controlled by the pilot of the aircraft. Errors may occur in judgment or as a result of negligence which may cause damage to others outside the perimeter of the area to which it was intended to apply the chemical. Other negligent acts may also cause damage to others than the person for whom the work of applying the chemicals is being done. We find the statute is directed to such persons. They are the claimants referred to in the statute. The damage for which claim is made may be caused by drift of the chemical onto the land of a neighbor, or the failure to cut off the spray or dust when making turns over a neighbor's land, or as a result of other negligent acts arising out of the use or application of the chemicals described in the statute by aircraft to some person other than the person for whom the work is being done. The plaintiff is not such a person. The statute does not create a condition precedent to the commencement, of the instant action. The plaintiff is not a "claimant" within the purview of these statutes. Therefore, the trial court erred in granting summary judgment of dismissal.

For the reasons aforesaid, the summary judgment is reversed.

PAULSON and KNUDSON, JJ., concur.

STRUTZ, Judge (dissenting).

I dissent. I cannot agree with the narrow definition placed upon the word "claimant" by the majority. The clear meaning of the statute, giving the words as used therein their ordinary and commonly understood meaning, is that no civil action shall be commenced arising out of the use or application of herbicides, insecticides, fungicides, or agricultural chemicals by aircraft unless the claimant has filed a report of his loss with the North Dakota Aeronautics Commission, together with proof of service of such report upon the operator or applicator allegedly responsible, and the person for whom the work was done if that person was someone other than the claimant, within sixty days from the occurrence of the loss or within sixty days from the date claimant knew of the loss; and if the claimed damage is alleged to have occurred to growing crops, before fifty per cent of the crop has been harvested. The purpose of requiring such notice is to enable the person against whom such claim is to be made to check the crop and to determine if, in fact, it was damaged as claimed.

The majority now holds that the word "claimant" does not include the owner or occupant for whom the spraying was done. This conclusion is arrived at because the statute provides for service of notice of loss upon such owner or occupant. The Legislature obviously had in mind that where a claim is filed against the operator of the aircraft or the chemical company for damages caused by such spraying, where such claimant is a stranger to the spraying operation, a claim would also be made against the person for whom the spraying was done, and that therefore he, too, should have notice. However, where the claim is filed by the person for whom the spraying was done, such person then becomes the claimant. His claim still is a claim arising out of the use or application of such herbicide, insecticide, fungicide, or agricultural chemical, and it cannot be maintained unless the verified report required by statute was filed with the North Dakota Aeronautics Commission, together with proof of service of the report of loss upon the operator or applicator and the person for whom the work was done if it was done for someone other than the claimant. If the Legislature had intended to limit the meaning of "claimant" so as not to include the owner or occupant, it could easily have said so.

If we are to give the term "claimant" the meaning given to it by the majority opinion, the entire statute may well be unconstitutional, since it might create an un-

reasonable classification of claimants, differentiating between those who are neighbors, who must file within sixty days, and those who are owners or occupants of the land which was sprayed, who would be subject only to the usual statute of limitations. Section 28–01–40, North Dakota Century Code, requires that service be made upon the person for whom the work was done, while Section 28–01–41 requires that the name of the owner, or occupant of the property for whom the work was done must be set out. To make any sense out of Section 28–01–41, the name of the owner or occupant would be necessary only where the claimant was someone other than the owner or occupant of the property for whom the operator or applicator was rendering labor or service.

This court has held that in construing a statute words used therein must be given their plain, ordinary, and commonly understood meaning. Bronson v. Johnson, 76 N.D. 122, 33 N.W.2d 819 (1948); Berg v. Torgerson, 100 N.W.2d 153, 77 A.L.R.2d 1060 (N.D.1959). The court must interpret a plain and unambiguous statute as it is written, and cannot indulge in speculation as to probable or possible qualifications which might have been in the minds of the legislators. The statute must be given effect according to its plain and obvious meaning. Rausch v. Nelson, 134 N.W.2d 519 (N.D.1965).

There can be no valid argument made that the plaintiff in this case is not a claimant. *Webster* defines "claimant" as one who asserts a right. The plaintiff's cause of action against the defendant clearly is the assertion of a claim, or right. This court has defined "claimant" as one who asserts a right or demand. Weisgerber v. Workmen's Compensation Bureau, 70 N.D. 165, 292 N.W. 627, 128 A.L.R. 1482 (1940).

It is therefore my view that the plaintiff in this case is a "claimant" within the meaning of the statute here under consideration. That being true, this court should have squarely faced the basic constitituonal issue raised by the plaintiff: Is the time within which a claimant must file his report unreasonable? The determination of that issue will now be delayed to some future controversy.

I am authorized to state that ERICK-STAD, J., joins me in this dissent.