**STATE of North Dakota, Plaintiff and Appellant,**

v.

**J.P. LAMB LAND COMPANY, a North Dakota corporation, Defendant and Appellee.**

**Civ. No. 10759.**

Supreme Court of North Dakota.

Dec. 28, 1984.

Robert J. Udland, Asst. Atty. Gen., Bismarck, for plaintiff and appellant.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendant and appellee; argued by John D. Kelly, Fargo.

PEDERSON, Justice.

The State has appealed from a summary judgment (Rule 56, NDRCivP) entered by the district court of Burleigh County, dismissing with prejudice and on the merits an action seeking a declaratory judgment (Chapter 32–23, NDCC and Rule 57, NDRCivP) relating to the corporate ownership of more than 5600 acres of farm and ranch land, substantially all in Nelson

---

County. The State alleged that corporate ownership of agricultural lands under these circumstances is contrary to the provisions of the North Dakota Corporate Farming Law (Chapter 10–06, NDCC). We affirm the dismissal, not on the merits and not with prejudice, but for lack of jurisdiction.

The State, through the efforts of the attorney general, asks that the court declare that J.P. Lamb Land Company: (1) violates § 10–06–01, NDCC by owning and leasing farm and ranch land, and (2) must divest itself of those lands within one year, pursuant to § 10–06–13, NDCC.

If the attorney general has reason to believe that a violation of the corporate farming law is occurring, "the attorney general shall commence an [enforcement] action in the district court of the county in which the substantial portion of farm or ranch land ... is situated." Section 10–06–13, NDCC. The issues before the court in that enforcement action would be identical to the issues raised in this declaratory judgment action.

J.P. Lamb Land Company raised no objection to the jurisdiction of the district court of Burleigh County in this case. In *Center State Bank, Inc. v. State Bank Bd.*, 276 N.W.2d 132, 134 (N.D.1979) we held that:

"Courts are required to take notice of jurisdictional questions relating to subject matter whether raised by any of the parties or not."

■ On the face of the statute, it appears that an enforcement action under § 10–06–13, NDCC may be brought in this case only in the district court of Nelson County. Is there, nevertheless, jurisdiction in the district court of Burleigh County when the action is not an enforcement action under § 10–06–13, NDCC but a declaratory judgment action under § 32–23–01, NDCC?

Section 32–23–01 provides in part: "A court of record *within its jurisdiction* shall have power to declare rights, status, and other legal relations whether or not

further relief is or could be claimed." [Emphasis supplied.]

■ The Declaratory Judgments Act is a uniform statute which should be uniformly interpreted. Note 2, *Aberle v. Karn*, 316 N.W.2d 779, 781 (N.D.1982). In 22 Am. Jur.2d, Declaratory Judgments § 75, it is stated that:

"Declaratory judgment statutes are not jurisdictional and do not create or grant jurisdiction where it does not otherwise exist, nor do they enlarge or extend the jurisdiction of the courts over the subject matter or the parties. Jurisdiction of declaratory judgment proceedings cannot be conferred by consent of the parties, or by stipulation, and a court may raise the question of its jurisdiction over the subject matter sua sponte.

. . . . .

"Statutes which have been construed as conferring exclusive jurisdiction on another court may limit the scope of jurisdiction under state declaratory judgment acts...." [Footnotes omitted.]

26 C.J.S. Declaratory Judgments §§ 112–113 provide the same advice. See also *Annotation:* 149 A.L.R. 1103; *Prosper Energy Corporation, et al. v. Industrial Commission of North Dakota*, 359 N.W.2d 860 (N.D.1984); *Holien v. Trydahl*, 134 N.W.2d 851 (N.D.1965); *Bronson v. Johnson*, 76 N.D. 122, 33 N.W.2d 819 (1948).

We conclude that the district court of Burleigh County was without jurisdiction to consider the merits of the action brought by the State and dismissal was appropriate.

ERICKSTAD, C.J., and GIERKE and VANDE WALLE, JJ., concur.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.