1999 ND 17

**MIDWEST MEDICAL INSURANCE COMPANY, Plaintiff and Appellant,**

v.

**Jane DOE and Dr. John Roe, Defendants and Appellees,**

**State Farm Fire & Casualty Company, Intervenor and Appellee.**

**Civil No. 980231.**

Supreme Court of North Dakota.

Feb. 8, 1999.

Richard J. Thomas, of Burke & Thomas, St. Paul, for plaintiff and appellant Midwest Medical Insurance Company.

J. P. Dosland, of Dosland, Nordhougen, Lillehaug and Johnson, Moorhead, for defendant and appellee Jane Doe.

Jon J. Jensen, of Pearson, Christensen, Clapp, Fiedler, Fischer & Jensen, Grand Forks, for defendant and appellee Dr. John Roe.

VANDE WALLE, C.J.

[¶ 1] Midwest Medical Insurance Company (Midwest) appealed from a summary judgment declaring Midwest has a duty to indemnify Dr. John Roe (a pseudonym) for damages he may become legally obligated to pay to Ms. Jane Doe (a pseudonym) for medical malpractice involving the negligent mishandling of patient transference. We hold it was improper, under the circumstances of this case, for the trial court to grant declaratory relief, and we vacate the summary judgment.

[¶ 2] At all times relevant to these proceedings, Dr. Roe was a licensed physician specializing in internal medicine in Fargo. In 1989 he met Doe, who operated a weight loss clinic in Fargo. Dr. Roe contacted Doe about referring patients to him, and the two saw each other for business reasons or socially on numerous occasions.

[¶ 3] During June 1993, Doe referred herself to Dr. Roe for treatment of alcoholism and a mental condition. Dr. Roe diagnosed Doe as having a bipolar disorder. He prescribed medications and saw her for treatment on numerous occasions.

[¶ 4] According to Doe, she went on a drinking binge on March 20, 1994 and then called Dr. Roe. At Dr. Roe's direction, she went to his house and they engaged in sexual intercourse that evening. Doe claims she and Dr. Roe engaged in an ongoing sexual relationship while Dr. Roe continued to treat her as a patient. After the relationship ended, Doe filed a malpractice action against Dr. Roe, alleging he negligently prescribed the wrong medication for her, negligently failed to refer her to a psychiatrist, and negligently handled the phenomenon of patient transference.[1]

[¶ 5] With Doe's action pending, Midwest, Dr. Roe's medical malpractice insurance carrier, brought this declaratory judgment action under N.D.C.C. Ch. 32–23, requesting the trial court to declare Midwest has no obligation to indemnify Dr. Roe for liability he may incur upon Doe's claim for negligent transference. Midwest claimed Dr. Roe was not using transference as a therapeutic tool to treat Doe and their sexual relationship could not, therefore, constitute professional malpractice by Dr. Roe covered by the insurance policy. The trial court entered a summary judgment, declaring Midwest has a duty to defend and indemnify Dr. Roe for all claims brought against him by Doe.

[¶ 6] Midwest has agreed to defend Dr. Roe, under a reservation of rights to dispute its obligation to indemnify for damages arising out of the sexual relationship between Dr. Roe and Doe. Midwest concedes it has an obligation to indemnify Dr. Roe for any damages he may become obligated to pay Doe upon her claims the doctor negligently prescribed medications and negligently failed to refer her to a psychiatrist. The only obligation of Midwest at issue is whether Midwest is obligated to indemnify Dr. Roe for liability he may incur for damages arising out of Dr. Roe and Doe's sexual relationship.[2]

[¶ 7] Under N.D.C.C. § 32–23–06, a trial court must render a declaratory judgment, upon request by an insurance company, to determine coverage and duty to defend. *Blackburn, Nickels & Smith, Inc. v. National Farmers Union Property & Casualty Co.*, 452 N.W.2d 319, 323 (N.D.1990). Under the statute, the trial court must render a declaratory judgment even though "the insured's liability for the loss may not have been determined." Nevertheless, we conclude Midwest's request for declaratory relief is premature and an inappropriate use of the declaratory judgment process.

1. Transference is a well known psychological phenomenon that makes the potential for exploitation by a professional counselor upon a patient foreseeable. *Nelson v. Gillette*, 1997 ND 205, ¶ 43, 571 N.W.2d 332. When a therapist or counselor mishandles transference and becomes sexually involved with a patient, the conduct is considered malpractice. *Nelson*, 1997 ND 205, ¶ 44 n. 3, 571 N.W.2d 332.

2. Not every sexual relationship between a doctor and patient constitutes professional malpractice by the doctor. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Love*, 459 N.W.2d 698, 700–701 (Minn. 1990). When, however, a physician who is counseling a patient mishandles patient transference and becomes sexually involved with the patient, the physician's conduct constitutes professional malpractice. *Simmons v. United States*, 805 F.2d 1363, 1365 (9th Cir.1986).

[¶ 8] The purpose of declaratory relief under N.D.C.C. Ch. 32–23, is to settle uncertainties about rights, status, and other legal relations in an underlying justiciable controversy. *Nermyr ex rel. McMullen v. North Dakota Dep't of Human Services*, 470 N.W.2d 196, 198 (N.D.1991). Midwest concedes it has a duty to defend its insured against all claims brought against him by Doe, and further concedes it is obligated to indemnify the insured if he is found liable under some of the theories underlying Doe's cause of action against him. No uncertainty or controversy will be eliminated in the underlying litigation by rendering an advisory opinion on Midwest's obligation to indemnify if Dr. Roe should happen to be held liable solely upon his negligent handling of transference.

[¶ 9] The gravamen of Doe's action is that Dr. Roe negligently handled her treatment. The alternative theories of liability are intertwined, and the finding of liability for one conduct does not necessarily exclude concomitant liability for committing the others. For example, if the factfinder determines Dr. Roe was negligent in not referring Doe to a psychiatrist to treat her mental condition and alcoholism, the jury could also find the failure to refer constituted mishandling of the transference phenomenon.

[¶ 10] Courts should avoid granting declaratory judgments if to do so would entail piecemeal litigation of the matters in controversy. *Amerada Hess Corp. v. Conrad*, 410 N.W.2d 124, 126 n. 1 (N.D.1987). The court's declaration has no bearing upon Midwest's representation of Dr. Roe, because Midwest has already conceded a duty to defend him. Where, as here, the insurance carrier concedes both a duty to defend and a potential obligation to indemnify the insured, there is no legitimate purpose for rendering a declaratory judgment prior to the conclusion of the underlying tort action.

[¶ 11] There are also factual questions relating to the indemnity issue which make summary judgment inappropriate. Generally, the issue of whether mishandling transference constitutes medical malpractice requires expert testimony and involves resolution of questions of fact. *St. Paul Fire and Marine Ins. Co. v. Mitchell*, 164 Ga.App. 215, 296 S.E.2d 126, 129 (1982). Here, there are disputed facts which may be relevant to a determination whether Dr. Roe committed malpractice by mishandling patient transference. Dr. Roe denies he was engaged in any type of counseling or therapy for Doe, yet his office notes indicate some type of counseling may have been involved. The facts are undeveloped as to the extent of the parties' intimate relationship and whether any of the alleged sexual events occurred as part of or during patient treatment. Factual questions surrounding this claim will, of necessity, be developed and explored during the evidentiary proceedings in Doe's case against Dr. Roe. Where there are relevant unresolved factual issues, the granting of summary judgment is improper. *Mougey Farms v. Kaspari*, 1998 ND 118, ¶ 12, 579 N.W.2d 583.

[¶ 12] We conclude it was inappropriate for the trial court to enter summary judgment, because there are unresolved factual issues. We further conclude it was inappropriate for the court to grant declaratory relief under N.D.C.C. Ch. 32–23, because Midwest has conceded the duty to defend and obligation to indemnify for some counts in the underlying litigation.

[¶ 13] Accordingly, the summary declaratory judgment is vacated.

[¶ 14] SANDSTROM and NEUMANN, JJ., BRUCE E. BOHLMAN, D.J., and BRUCE B. HASKELL, D.J., concur.

[¶ 15] BRUCE B. HASKELL, D.J., and BRUCE E. BOHLMAN, D.J., sitting in place of MARING, J., and KAPSNER, J., disqualified.