2017 ND 118

**Herman KAUK, Jr. and Christy Kauk,
Plaintiffs and Appellees**

v.

**Herman KAUK, Sr. and Cletis Kauk,
Defendants and Appellants**

No. 20160198

Supreme Court of North Dakota.

Filed 5/16/2017

Rehearing Denied June 7, 2017

Mary E. DePuydt, Wishek, ND, for plaintiffs and appellees.

Steven T. Ottmar, Jamestown, ND, for defendants and appellants.

Kapsner, Justice.

[¶ 1] Herman Kauk, Sr. and Cletis Kauk appeal from a district court order granting Herman Kauk, Jr. and Christy Kauk declaratory relief and declaring the issue of reformation not res judicata. Herman Kauk, Sr. and Cletis Kauk also appeal from a district court order to clarify the purchase price. Concluding the district court abused its discretion by granting declaratory relief, we reverse the district court's orders and remand for entry of an order of dismissal.

I

[¶ 2] Herman Kauk, Sr. and Cletis Kauk ("Sellers") contracted to sell land in McIntosh County to Herman Kauk, Jr. and Christy Kauk ("Buyers") on August 22, 2013. This agreement ("Contract 1") provided the Buyers would pay the Sellers a purchase price of $240,000.00 on or before December 15, 2013. The property sold is known to the parties as "Walter's Quarter." Contract 1 contained this paragraph:

5. Option to Purchase Additional Land. For and in consideration of love and affection and the buyers purchasing the above described real property, sellers hereby grant unto buyers, from and after, January 1, 2015, a first option to purchase the Northeast Quarter (NE1/4) of Section Twenty-eight (28), Township One Hundred Thirty-three (133) North, Range Seventy (70), West of the 5th P.M. in McIntosh County, North Dakota, during the life time of Herman Kauk Sr. at a purchase price as may be mutually agreed upon by sellers and buyers, and if said option should not be exercised during the life time of Herman Kauk, Sr., sellers grant unto buyers a first option to purchase said real property at its appraised market value which option may be exercised by buyers at

any time for one year following Herman Kauk Sr.'s death.

The property in the option is known to the parties as "Katie's Quarter." All the parties signed this document. After executing this contract, the Buyers realized they would be unable to obtain financing for the purchase before the closing date of December 15, 2013. The Buyers informed the Sellers of this. The parties met and the Buyers presented the Sellers with a document entitled "Amended Purchase Agreement With Option to Purchase Additional Land." This document ("Amended Agreement") contained all the same terms, but had a new closing date of November 15, 2014. This document and Contract 1 were drafted by an attorney hired by the Buyers. According to testimony, the Sellers refused to sign the Amended Agreement because they did not want the paragraph containing the option in the agreement.

[¶ 3] The Buyers had their attorney draft a new version. This version was entitled "Extension of Purchase Agreement" and specified the new closing date of November 15, 2014 in paragraph 1, and removed a paragraph which in Contract 1 and in the Amended Agreement had contained the language granting an option. The parties signed this final contract ("Contract 2") on December 12, 2013. The Buyers eventually closed on "Walter's Quarter" June 26, 2014. The Sellers subsequently sent the Buyers a letter entitled "Notice of Cancellation of Option to Purchase Additional Land" on August 28, 2014. The Sellers executed a Notice of Contract for Deed with the county recorder naming a third party as grantee of the option property. The Notice of Contract for Deed was recorded and is dated June 26, 2015.

[¶ 4] The Buyers filed a complaint on August 10, 2015 requesting a declaratory judgment that the option to purchase "Ka-

tie's Quarter" was still valid. The Sellers answered, pleading affirmative defenses which included: Contract 1 has an option to purchase land which is not owned by the Sellers; Contract 2 amended and removed the option from Contract 1; alternatively, if the district court were to find Contract 2 was an "extension" of Contract 1, the option was not supported by valid consideration. The district court held a bench trial on February 23, 2016. Both Buyers and Sellers testified at trial. At trial, both parties acknowledged Contract 1 contained the incorrect legal description for the land in the option paragraph, "Katie's Quarter." The "Notice of Cancellation of Option to Purchase Additional Land" letter contained the same legal description appearing in Contract 1. However, the Notice of Contract for Deed contained the apparently correct legal description for "Katie's Quarter." The district court took the matter under advisement and asked the parties to file written closing arguments. The parties filed final arguments and rebuttals.

[¶ 5] The district court entered an order on March 31, 2016. The district court found the option was enforceable because it was supported by adequate consideration and nothing in Contract 2 revoked the option appearing in Contract 1. The court indicated it was clear "Katie's Quarter" was incorrectly identified in the contract. The court continued:

When, as here, there is a mutual mistake between the parties and the "written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention so far as it can be done without prejudice to rights acquired by third persons in good faith and for value." N.D.C.C. § 32–04–17.

The court noted neither party plead reformation of the agreement. The court stated

evidence presented at trial indicated the "correct quarter of land is now subject to a contract for deed." The court also noted no evidence was presented to enable the court to make a determination on "whether the non-party [grantee] acquired an interest in the real property in good faith for value." The court refused to rule on the issue and declared the issue "not res judicata for future action." On April 12, 2016, the Buyers filed a request for clarification with the district court asking for clarification on the purchase price of the option land. The district court entered an order to clarify on May 18, 2016 stating the purchase price was the "appraised market value." The Sellers appealed from both the March 31, 2016 order and the May 18, 2016 order for clarification.

II

[¶ 6] The Buyers sued under N.D.C.C. § 32–23–02 seeking a declaration of rights of the parties and the validity, force, and effect of the option contract. Under N.D.C.C. § 32–23–01, a "court of record within its jurisdiction shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Under N.D.C.C. § 32–23–09, when an action for declaratory judgment involves the determination of an issue of fact, the factual issue may be tried and determined in the same manner as those determined in other civil actions. The Buyers and Sellers held a trial to determine whether there was a valid, enforceable option and the rights of the parties under the option if valid. The district court entered an order that declared the Buyers had a valid option to purchase land, and declared the issue of reformation was "not res judicata." After the Buyers requested clarification of the purchase price during the lifetime of Herman Kauk, Sr., the district court entered an order

finding the purchase price was "appraised market value."

[¶ 7] On appeal, the Sellers challenge the merits of the findings and conclusions present in the district court's orders. The Sellers also contend the district court "exceeded its authority when it ruled the issue of reformation was not res judicata" and claims the district court abused its discretion by ordering the same. The record and the Sellers' arguments reveal a structural problem with the district court's orders that this Court cannot ignore. To address the merits of the individual issues would cause this Court to examine piecemeal findings and conclusions which do not "terminate the uncertainty or controversy giving rise to the proceeding." N.D.C.C. § 32–23–06.

### A

[¶ 8] This Court previously summarized the authority of district courts to issue declaratory judgments under Chapter 32–23 of the North Dakota Century Code:

> Section 32–23–02, N.D.C.C., says, "Any person interested under a . . . written contract . . . or whose rights, status, or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and may obtain a declaration of rights, status, or other legal relations thereunder." Under the statutory provisions authorizing a declaratory judgment action, "[a] contract may be construed either before or after there has been a breach thereof." N.D.C.C. § 32–23–03. A court may refuse to enter a declaratory judgment if the judgment would not terminate the uncertainty giving rise to the controversy. N.D.C.C. § 32–23–06. When declaratory relief is sought, all persons having or claiming any interest that would be affected by the declaration must be made parties, and a declaration may not prejudice the rights of persons not named as parties to the proceeding. N.D.C.C. § 32–23–11. The provisions authorizing declaratory relief are remedial and are to be construed and administered liberally to afford relief from uncertainty about rights, status, and other legal relations. N.D.C.C. § 32–23–12.

*City of Harwood v. City of Reiles Acres*, 2015 ND 33, ¶ 11, 859 N.W.2d 13. "The North Dakota Declaratory Judgments Act was enacted as Chapter 237, North Dakota Session Laws, 1923." *Aberle v. Karn*, 316 N.W.2d 779, 781 n.2 (N.D. 1982). "The Declaratory Judgments Act is a uniform statute which should be uniformly interpreted." *State v. J.P. Lamb Land Co.*, 359 N.W.2d 368, 369 (N.D. 1984).

[¶ 9] This Court long ago described the prerequisites which must be present to enable a district court to order declaratory relief:

> The requisite precedent facts or conditions which the courts generally hold must exist in order that declaratory relief may be obtained may be summarized as follows: (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination.

*Great N. Ry. Co. v. Mustad*, 76 N.D. 84, 33 N.W.2d 436, 442 (1948) (quoting *Langer v. State*, 69 N.D. 129, 284 N.W. 238, 245 (1939)).

[¶ 10] Under section 32–23–06, N.D.C.C., entry of a declaratory judgment

is discretionary with the district court. "The court may refuse to render or enter a declaratory judgment or decree if such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." N.D.C.C. § 32–23–06. This Court reviews a district court's determination of discretionary matters under an abuse of discretion standard. A district court abuses its discretion when it acts "in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law." *Peterson v. Peterson*, 2016 ND 157, ¶ 3, 883 N.W.2d 449 (quoting *Montgomery v. Montgomery*, 2003 ND 135, ¶ 18, 667 N.W.2d 611).

[¶ 11] In an action for declaratory relief, a district court must ensure the proper parties are before the court to prevent the declaratory relief ordered from prejudicing the rights of persons not parties to the proceedings. Section 32–23–11, N.D.C.C., provides:

> When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties, and a declaration may not prejudice the rights of persons not parties to the proceeding.

Applying Colorado's version [1] of the above rule, the Colorado Supreme Court held: "before a declaratory judgment is warranted in an action such as is presented here, the court must acquire jurisdiction of all parties whose rights are to be determined or whose interests are affected." *People ex rel. Inter–Church Temperance Movement v. Baker*, 133 Colo. 398, 297 P.2d 273, 279 (1956). The Colorado Supreme Court reasoned that without having all parties whose interests are affected, the court "should have refused to entertain this action because judgment would not terminate the uncertainty or determine the controversy." *Id.* at 277 (citations omitted). Elaborating, the Colorado Supreme Court stated:

> Declaratory judgment actions should be considered only in cases where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed.

*Id.* (quotation marks and citation omitted). The Colorado Supreme Court also stated:

> The indispensable and necessary parties in any declaratory judgment action are those who have conflicting legal interests in the controversy to be adjudicated and whose rights will be affected thereby, and the trial court should insist that jurisdiction be obtained of all such parties either personally or in an appropriate class action ...; otherwise the court should dismiss the action, for a declaratory judgment action is intended to completely terminate the controversy, and if the court does not have juris-

1. "[Colorado's] Declaratory Judgment Act is incorporated in the Rules of Civil Procedure, and is therein found as Rule 57, R.C.P. Colo. It provides that its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and likewise provides, (f) 'The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.' It also provides, (j) 'When declaratory relief is sought, *all persons shall be made parties, who have or claim any interest which would be affected by the declaration*, and no declaration shall prejudice the rights of persons not parties to the proceedings....' (Italics ours.)" *Baker*, 297 P.2d 273, 276 (1956).

diction of such interested parties, its judgment would not settle the questions presented and thus lead to multifarious litigation.

*Id.* at 279.

## B

[¶ 12] The above principles apply with equal force to a declaratory judgment action in North Dakota; the declaratory judgment statutes are adopted from a uniform act with uniform underlying principles of law. The district court was presented with an issue which arose at trial that should have caused the court to refuse to enter declaratory judgment. At trial, the Buyers introduced a Notice of Contract for Deed between the Sellers and a non-party grantee for land the Buyers understood to be the subject land of the option contract. The district court indicated the evidence and testimony presented at trial clearly indicated "Katie's Quarter" was incorrectly identified in the option contract. The court continued:

> When, as here, there is a mutual mistake between the parties and the "written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention so far as it can be done without prejudice to rights acquired by third persons in good faith and for value." N.D.C.C. § 32–04–17.

The court stated neither party plead reformation of the agreement, but evidence presented at trial indicated the "correct quarter of land is now subject to a contract for deed." The court also noted no evidence was presented to enable the court to make a determination on "whether the non-party [grantee] acquired an interest in the real property in good faith for value." The court refused to rule on the issue and

declared the issue "not res judicata for future action."

[¶ 13] The district court ordered "[t]he option to purchase described in the initial agreement is VALID[,]" denied the parties' requests for costs and attorney fees, and stated "[t]he issue of reformation is not res judicata." What was ordered by the district court was effectively meaningless to the parties' dispute and did "not terminate the uncertainty or controversy giving rise to the proceeding." N.D.C.C. § 32–23–06. The district court found a valid option existed, but determined a reformation issue arose during trial, and the reformation issue could not be decided without the non-party grantee of "Katie's Quarter" being made a party. Without resolution of the reformation issue, the order declares the Buyers have a valid enforceable option to purchase land the Sellers do not own. This Court has stated N.D.C.C. § 32–23–06 generally "make[s] declaratory relief a matter of discretion." *Aberle*, 316 N.W.2d at 781–82. This Court also elaborated:

> That discretion is not unlimited. Courts may, under proper circumstances, grant declaratory relief even though the declaration would not terminate the underlying controversy, if it can be of some help to end the controversy. Courts should not, however, give advisory opinions or answer moot, abstract, theoretical, academic, hypothetical, or speculative questions. As a suggestion for our trial courts in future cases, it would be very significant to this court on appeal, where it may be otherwise obvious that the declaratory relief will not dispose of the underlying dispute, that there be a showing of how the declaration aids in the disposition of the basic controversy.

*Id.* at 782. In this case, the inability to terminate the underlying controversy, whether the Buyers have a valid option to purchase "Katie's Quarter," stems from

the fact the underlying controversy requires determination of an apparent reformation issue that cannot be decided without the presence of the non-party grantee who holds a contract for deed for "Katie's Quarter."

[¶ 14] We have previously affirmed a district court's refusal to issue a declaratory judgment because a party whose interest would be affected by the judgment was not a party to the claim. In *Wilhite v. Cent. Inv. Props.*, 409 N.W.2d 348, 348–49 (N.D. 1987), the appellant sought review of a district court judgment awarding the appellee a money judgment and denying the appellant declaratory relief. At the district court the appellant sought, among other relief, a declaratory judgment fixing the price of option land. *Id.* at 354. The district court refused to enter a declaratory judgment fixing the price of the option land. *Id.* This Court stated, "NDCC § 32–23–11 commands that 'all persons who have or claim any interest which would be affected by the declaration shall be made parties' to an action for a declaratory judgment...." *Id.* at 355. This Court concluded:

> The trial court could not have finally fixed the option price for the NE1/4 because one of the present owners of that quarter ... was not a party to [the appellant's] counterclaim for such a declaratory judgment. Therefore, the trial court was correct in denying [the appellant] a declaratory judgment about the option price for the NE1/4.

*Id.* Similarly, once it was apparent the declaratory relief sought under the "Katie's Quarter" option contract was intertwined with a reformation issue involving a non-party who allegedly owned the land subject to the option, the district court should have refused to enter any declaratory relief. Accordingly, we express no opinion on the district court's determination of the option price.

[¶ 15] Although it is arguable the declaratory relief did not "prejudice the rights of persons not parties to the proceeding," the order entered in this case has no utility to the parties and did not "terminate the uncertainty or controversy giving rise to the proceeding." N.D.C.C. §§ 32–23–11; 32–23–06. The result of the order entered was to declare the Buyers have a valid option to purchase land which the Sellers do not own, or maybe land the Sellers do own, if reformation is proper after separate litigation is completed with a non-party owner being made a party to that action. This Court has previously stated, "[c]ourts should avoid granting declaratory judgments if to do so would entail piecemeal litigation of the matters in controversy." *Midwest Med. Ins. Co. v. Doe*, 1999 ND 17, ¶ 10, 589 N.W.2d 581 (citing *Amerada Hess Corp. v. Conrad*, 410 N.W.2d 124, 126 n.1 (N.D. 1987)). The order entered in this case necessarily results in piecemeal litigation of the matters in controversy. As a result, the district court misapplied the law and abused its discretion when it ordered declaratory relief.

## III

[¶ 16] Concluding the district court abused its discretion by granting declaratory relief, we reverse the district court's orders and remand for entry of an order of dismissal.

[¶ 17] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom, S.J.

Gerald W. VandeWalle, C.J.

[¶ 18] The Honorable Jerod E. Tufte was not a member of the Court when this

case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.